# Richmond

## James H. Early v. City of Norfolk.

March 5, 1945.

Record No. 2926.

Present, Campbell, C. J., and Holt, Hudgins, Browning, Eggleston
and Spratley, JJ.

The opinion states the case.

W. L. Devany, Jr., for the plaintiff in error.

Jonathan W. Old, Jr., Donald W. Shriver and M. T. Bohannon, for the defendant in error.

HUDGINS, J., delivered the opinion of the court.

James H. Early was convicted of operating an automobile in the city of Norfolk "while under the influence of alcohol" in violation of a city ordinance and fined $100. He states in his petition for this writ of error that the trial court committed two errors—one, its refusal to permit the jury to view the automobile, and, two, the judge's comment on the weight of the evidence.

The uncontradicted testimony for the Commonwealth is that two officers, J. V. Barclay, a member of the city police force, and C. A. Rice, a member of the Naval Shore Patrol, first saw the defendant's car when it narrowly missed collision with another car. This incident aroused the suspi-

cion of the officers, who followed defendant for approximately two miles and on several occasions observed that defendant's car swerved from the extreme right to the extreme left side of the highway and narrowly missed collision with two other cars. They then arrested defendant who, at the time, was so drunk that he staggered. The odor of intoxicants on his breath was very strong.

The accused did not deny any of this testimony. He had an explanation for each part of the testimony tending to establish the fact that he was drunk. He explained the odor of whiskey on his breath by stating that he and a fellow employee some 45 minutes before his arrest had consumed from one-fourth to one-third of a pint of whiskey. He stated that his staggering was due to the fact that he was lame and had an "impediment" in his walk. He admitted that his car "zig-zagged" across the highway but claimed that this was due to the fact that the steering wheel was loose. He denied that he was drunk.

He was arrested on July 4 and was tried on August 18, 1944. After all the evidence was introduced, he moved the court to permit the jury to view the automobile which was then parked near the court house. The city attorney objected on the ground that there was no evidence tending to show that the car was in the same condition as it was at the time of the arrest. Defendant again took the stand and testified that it was in the same condition. Thereupon the court signified its willingness to permit the jury to view the car but said "that the condition of the automobile at this time was not conclusive evidence of its condition at the time of the arrest." Defendant objected to the remarks of the court. Then the court reversed its ruling and denied a view of the automobile.

Michie's Code of 1942, section 6013, authorizes a view by the jury "when it shall appear to the court that such view is necessary to a just decision." This court has held in numerous cases that the "propriety of ordering a view lies largely in the discretion of the trial court, which should only grant it when it is reasonably certain that it will be of

substantial aid to the jury in reaching a correct verdict, and that its decision refusing a view will not be reversed unless the record shows that it did appear to the trial court that such view was necessary to a just decision, * * * ." *Chesapeake, etc., R. Co. v. Nickel,* 157 Va. 382, 394, 161 S. E. 248; *Lorillard Co. v. Clay,* 127 Va. 734, 104 S. E. 384.

The condition of the steering wheel on the date of trial was not a pertinent issue in the case. Defendant's inability to properly operate his car on the highway was only one of three distinct elements of proof tending to establish the fact that he was under the influence of intoxicants or drunk. The condition of the steering gear at the time of arrest may have tended to support defendant's explanation of his "zig-zagging." However, C. A. Rice testified that he drove defendant's car from the place of arrest to the police station "and that it was in good condition and he had no difficulty in steering it." The evidence is in sharp conflict as to the condition of the steering wheel at the time of the arrest. A view of the automobile was not "necessary to a just decision" and the trial court would have committed no error if it had refused a view without giving any reasons for its ruling.

Defendant concedes that the statement of the court, to the effect that the condition of the steering wheel at the time of the trial was not conclusive proof of its condition at the time of arrest, was a correct statement of the law. If the trial court had granted the view and, before argument, had given an instruction to the same effect, no valid objection could have been raised. The mere fact that he stated to the jury the conditions upon which he would permit a view did not constitute reversible error.

The judgment is affirmed.

*Affirmed.*